IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30417
Summary Calendar
_____

NATHANIEL DOWL, JR.,

Plaintiff-Appellant,

versus

NEW ORLEANS STEAMSHIP ASSOCIATION,
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,
AFL-CIO, PENSION, WELFARE, VACATION AND
HOLIDAY FUNDS; THOMAS R. DANIEL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1753
--------------------
October 3, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Nathaniel Dowl, Jr., has filed an application for leave to proceed *in forma pauperis* (IFP) on appeal, following the district court's summary judgment in favor of the defendants on his claims for benefits under the Employee Retirement Income Security Act of 1974 (ERISA). By moving for IFP, Dowl is challenging the district court's certification that IFP status should not be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Dowl asserts that the district court erred in determining that his father had retired before his death and that as a result Dowl, his father's beneficiary, was entitled to receive the death benefit payment for a retired employee rather than an active employee. Dowl has failed to show that ERISA prohibits the existence of a disability retirement plan or that the provisions of ERISA defining welfare plans (including disability) and pension plans are mutually exclusive. See 29 U.S.C. § 1002(1), (2). The record clearly shows that Dowl's father took disability retirement. The fact that the plan administrator admitted that the plan including the disability retirement provisions also included a long-term disability provision is irrelevant because a plan under ERISA can include both welfare and pension provisions. See 29 U.S.C. § 1002(3). Therefore, Dowl has failed to show that a nonfrivolous issue exists with respect to the conclusion that his father had retired before the time of his death.

Dowl also contends that the district court erred in failing to find that he was entitled to his father's survivor annuity benefit because his mother predeceased his father. Under ERISA, a surviving spouse annuity only exists if the non-employee spouse survives the employee spouse. See Dorn v. Int'l Bhd. of Elec. Workers, 211 F.3d 938, 942 (5th Cir. 2000). Moreover, Dowl has failed to show that any attempts by his father to designate Dowl as the beneficiary of those annuity benefits complied with the requirements of 29 U.S.C. § 1055(c).

Dowl's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Dowl IFP status on appeal, we deny the motion for leave to proceed IFP, and we DISMISS Dowl's appeal as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

APPEAL DISMISSED.